**SIGNED THIS: October 19, 2011**

                                      **GERALD D. FINES**
                                **UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                          )
                                   )
FRANCIS EDWARD STOVER and    )  Bankruptcy Case No. 11-91512
SUSAN MARGARET STOVER,        )
                                   )
              Debtors.     )

OPINION

This matter having come before the Court for hearing on a Motion for Sanctions for Violation of the Automatic Stay and for Turnover filed by the Debtors; the Court, having heard arguments of Debtors' counsel and reviewed the record of Debtors' bankruptcy proceeding, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

    1.      The Debtors filed for relief under Chapter 13 of the Bankruptcy Code on August 15, 2011.

    2.      On Schedule D of their bankruptcy schedules, the Debtors listed Creditor, TNT Auto Sales, Inc. (TNT), as a creditor holding a lien on a 1998 Dodge Caravan, with a secured debt

in the amount of $4,561.64. The Debtors listed TNT with an address of 1125 North Division Street, Pontiac, Illinois, 61764.

3. A notice of the Debtors' Chapter 13 bankruptcy filing was mailed to Creditor TNT, on August 17, 2011.

4. On August 24, 2011, Creditor TNT repossessed the 1998 Dodge Caravan.

5. On August 25, 2011, Debtors' counsel telephoned TNT to demand return of the repossessed van. Debtors' counsel was informed by a woman named Marina, in the office of Creditor TNT, that the Debtors' van had been repossessed and that nothing could be done about it. Marina further denied that Creditor TNT had received notice of the Debtors' bankruptcy filing. The representative of Creditor TNT further declined to provide Debtors' counsel with a fax number to facilitate being provided with a notice of the Debtors' bankruptcy filing.

6. On August 29, 2011, a fax was sent to Creditor TNT containing a copy of the notice of the Debtors' Chapter 13 bankruptcy petition.

7. On August 31, 2011, Debtors' counsel again spoke with Marina from Creditor TNT's office indicating that the repossession of the van was a violation of the automatic stay and that it should be returned as soon as possible.

8. At hearing on this matter on October 13, 2011, Debtor, Francis Edward Stover, stated on the record that the van had been returned by the Creditor on September 9, 2011, and that the Debtors had been greatly inconvenienced during the period of time with Creditor TNT retained possession of the van. No one appeared on behalf of Creditor TNT at hearing on October 13, 2011, even though the record of this proceeding clearly reflects that Creditor TNT received notice of the Debtors' bankruptcy filing and notice of the hearing scheduled on October 13, 2011.

Conclusions of Law

This matter is controlled by 11 U.S.C. § 362(k)(1), which states:

(k)   (1)   Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual

        damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Given the clear, undisputed facts in this case, the Court finds that Creditor TNT has willfully violated the automatic stay in repossessing the Debtors' van while upon notice of the Debtors' Chapter 13 bankruptcy filing. The Creditor retained possession of the van for a period in excess of two weeks, despite repeated demands for the return of the vehicle.

Based upon the willful nature of the Creditor's actions in this matter, the Court finds it appropriate to enter sanctions pursuant to 11 U.S.C. § 362(k)(1). The Court finds attorney's fees should be assessed in the amount of $500 to compensate for the filing of this Motion, the phone calls which Debtors' counsel was required to make, and attendance at the hearing on October 13, 2011. Additionally, the Court finds that damages should be assessed against the Creditor TNT to be paid to the Debtors in the amount of $750, as and for the inconvenience the Debtors suffered as a result of the repossession of their vehicle and withholding of the same for a period of over two weeks.

                                              ###